UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASMIN PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:11 CV 999 CDP |
| ) | |
| CAREER EDUCATION ) | |
| CORPORATION et al., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel

Arbitration and to Dismiss, or Alternatively Stay, this case.  For the reasons set

forth below, the Motion to Compel Arbitration is granted.

## Facts and Background

Plaintiff, Jasmin Parks, enrolled in the Surgical Technology Program at

Defendant Sanford-Brown College's ("SBC") Hazelwood, Missouri campus on

August 4, 2004.  SBC owns and operates private career colleges in Missouri.

Defendant Career Education Corporation ("CEC") owns SBC.  At the time she

enrolled Parks signed an Enrollment Agreement that included an arbitration clause

that provided:

1

10. **Dispute Resolution**:  Any disputes or controversies between the
parties to this Agreement arising out of or relating to the student's
recruitment, enrollment, attendance, education or career service
assistance by the College or to this Agreement shall be resolved first
through the grievance policy published in the catalog.  If not resolved
in accordance with the procedures outlined in the school catalog . . . ,
then the dispute shall be resolved by binding arbitration in accordance
with the Commercial Arbitration Rules of the American Arbitration
Association then in effect . . . .  Any such arbitration shall be the sole
remedy for the resolution of any disputes or controversies between
the parties to this agreement.

Parks filed this lawsuit on May 23, 2011, alleging that CEC and SBC

(collectively "CEC") made various misrepresentations or omissions concerning

the school's program and the career opportunities of its graduates.  Parks asserts

common law fraud (Counts I & II) and violations of the Missouri Merchandising

Practices Act (Count III).  All of her claims arise out of her recruitment,

enrollment, and attendance at SBC.

## Discussion

The Federal Arbitration Act (FAA) applies to all contracts involving

interstate commerce.  9 U.S.C. § 1 *et seq*.  "The FAA reflects the fundamental

principle that arbitration is a matter of contract."  *Rent-A-Center, West, Inc. v.*

*Jackson*, 130 S.Ct. 2772, 2776 (2010).  Section 2 of the Act states that an

agreement to arbitrate "shall be valid, irrevocable, and enforceable save upon such

grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. §

2

2.  The FAA established a strong policy favoring arbitration and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) *superseded by statute on other grounds*.  The Supreme Court has recently reaffirmed that parties can also agree to arbitrate threshold questions of arbitrability, such as whether parties have agreed to arbitrate or whether an arbitration agreement is enforceable.  *Rent-A-Center*, 130 S.Ct. at 2777 (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–85 (2002); *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003) (plurality opinion)).

The arbitration clause in the parties' agreement has a broad scope.  The agreement states that "[i]f not resolved in accordance with the procedures outlined in the school catalog . . . , then the dispute shall be resolved by binding arbitration."  This is broad enough to include Parks's common law fraud and Missouri Merchandising Practices Act claims.  The parties to this agreement also agreed to abide by the rules of the Commercial Rules of the American Arbitration Association (AAA).  Inclusion of these rules into an arbitration agreement serves as clear and unmistakable evidence that the parties intended to have the arbitrator decide threshold issues of arbitrability. *Fallo v. High-Tech Institute*, 559 F.3d 874, 878 (2009).

3

Additionally, the issues concerning the enforceability of the arbitration agreement, including Parks's unconscionability claims, are for the arbitrator to decide.  When an arbitration clause contains a clear and unmistakable agreement to arbitrate issues of arbitrability, as here, issues of the clause's enforceability will be for the arbitrator to decide unless the provision delegating such authority to the arbitrator is specifically challenged.  *Rent-A-Center*, 130 S.Ct. at 2779.  Parks has failed to specifically challenge the provision of the agreement which allows the arbitrator to decide enforceability of the arbitration clause.  Parks claims that four provisions of the agreement are unconscionable. Those provisions are: 1) a provision requiring the arbitrator to have experience in the administration and operation of post secondary educational institutions; 2) a provision requiring the parties to split the arbitration costs; 3) a provision limiting damages; and 4) a provision prohibiting recovery of attorney's fees.  None of these arguments, however, alleges that the delegation provision itself is unconscionable.  None of the challenged provisions affect Parks's ability to arbitrate whether the arbitration agreement is valid and enforceable, and thus, the arbitrator must decide the enforceability of the arbitration agreement.

As such, the Court compels arbitration here, and will stay this case until the parties complete arbitration as called for in the Enrollment Agreement.  *See*

4

*Chisolm v. Career Education Corp.*, 4:11 CV 994 HEA (E.D. Mo. November 14, 2011); *Kenner v. Career Education Corp.*; 4:11 CV 997 AGF (E.D. Mo. November 29, 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CEC's Motion to Compel Arbitration and stay the litigation [#15] is **GRANTED** and its alternative motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant CEC's motion to stay discovery pending a ruling on the motion to compel [#17] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending completion of the arbitration, and the parties must file a notice to the court within ten days of the conclusion of arbitration.  If not concluded by **May 25, 2012**, the parties must on that date file a joint report setting forth the status of the arbitration.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file supplemental authority [#31] is **GRANTED**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2011.

5